# IN THE SUPREME COURT OF THE STATE OF NEVADA

SKG PARK AT SPANISH RIDGE, LLC,
A NEVADA LIMITED LIABILITY
COMPANY,

    Appellant,

vs.

PINNACLE ENTERTAINMENT, INC., A
DELAWARE CORPORATION,

    Respondent.

PINNACLE ENTERTAINMENT, INC., A
DELAWARE CORPORATION,

    Appellant,

vs.

SKG PARK AT SPANISH RIDGE, LLC,
A NEVADA LIMITED LIABILITY
COMPANY,

    Respondent.

No. 69975

**FILED**

APR 21 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 70152

## ORDER DISMISSING APPEALS

These are an appeal from an order granting summary judgment (Docket No. 69975) and from an order retaxing costs (Docket No. 70152). Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Counsel for SKG Park at Spanish Ridge, LLC (appellant in Docket No. 69975 and respondent in Docket No. 70152), has filed a "Notice of Filing of Bankruptcy" informing this court that SKG Park has filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in the District of Nevada, Case No. 17-10955-mkn. A copy of the Notice of Chapter 11 Bankruptcy Case from the bankruptcy court is attached to SKG Park's notice.

The filing of a bankruptcy petition operates to stay, automatically, the "continuation" of any "judicial . . . action. . . against the

17- 13387

debtor." 11 U.S.C. § 362(a)(1). An appeal, for purposes of the automatic stay, is considered a continuation of the action in the trial court. Consequently, an appeal is automatically stayed if the debtor was the defendant in the underlying trial court action. *See Ingersoll-Rand Financial Corp. v. Miller Mining, Co. Inc.*, 817 F.2d 1424 (9th Cir. 1987). It appears that SKG Park was a defendant below. Therefore, these appeals are stayed pursuant to the automatic stay provisions of federal bankruptcy law.

Given the applicability of the automatic stay, these appeals may linger indefinitely on this court's docket pending final resolution of the bankruptcy proceedings. Accordingly, despite Pinnacle Entertainment Inc.'s request, filed April 11, 2017, that we stay these appeals indefinitely, we conclude that judicial efficiency will be best served if these appeals are dismissed without prejudice. Because a dismissal without prejudice will not require this court to reach the merits of these appeals and is not inconsistent with the primary purposes of the bankruptcy stay—to provide protection for debtors and creditors—we further conclude that such dismissal will not violate the bankruptcy stay.[1] *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that the automatic stay does not preclude dismissal of an appeal so long as dismissal is "consistent with the purpose

---

[1]The automatic stay provides a debtor "with protection against hungry creditors" and gives it a "breathing spell from its creditors" by stopping all collection efforts. *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995). Further, it assures creditors "that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Id.* at 755-6.

of the statute [11 U.S.C. §362(a)"]); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (holding that a post-bankruptcy petition dismissal will violate the automatic stay "where the decision to dismiss first requires the court to consider other issues presented by or related to the underlying case"). Accordingly, we dismiss these appeals. This dismissal is without prejudice to the parties' rights to move for reinstatement of these appeals upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if either of the parties deems such a motion appropriate at that time.[2]

It is so ORDERED.[3]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

---

[2]Any motion to reinstate this appeal must be filed within 60 days of entry of the order lifting the stay or concluding the bankruptcy proceedings.

[3]We deny as moot SKG Park's "Emergency Motion[s] To Confirm that Appeal No. 69975 and Cross-Appeal No. 70152 Are Stayed Due to SKG's Bankruptcy Filing, or Alternatively for Extension of Time to File Brief," filed on April 4, 2017.

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Thomas J. Tanksley, Settlement Judge
Nitz Walton & Heaton, Ltd.
Black & LoBello
Eighth District Court Clerk